**After Recording Return To:**
Fay Servicing LLC
Attn:
5426 Bay Center Drive, Suite 300
Tampa, Florida 33609

_____ _____[Space Above This Line For Recording Data]_____
Loan No.:

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective this  7th    day of   June, 2023        ,
between  JAMES W BUTLER, JR, MARRIED, whose address is  691 Main Rd N, Hampden, Maine 04444
("Borrower/Grantor")
and U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust by Fay Servicing, LLC as Attorney in Fact, whose address is 5426 Bay Center Drive, Suite 300, Tampa, Florida 33609                                                                                                       ("Lender/Grantee"),
amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated April 11th, 2008          and recorded in Book/Liber  11356       ,
Page 31            , Instrument No. 10079              , of the                Records of PENOBSCOT
County, Maine                , and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at   424 State Street, Bangor, Maine 04401

the real property described being set forth as follows:
SEE EXHIBIT "A"  ATTACHED HERETO AND MADE A PART HEREOF.

**MAINE LOAN MODIFICATION AGREEMENT**                                                                                         Page 1 of 5

**EXHIBIT H**

10

JAMES W BUTLER JR
VERI

729KBC
VOLT 2021-NPL4-PRIV

Loan No.:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of May 1st, 2023, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. $262,796.10, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. $19,046.10 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $243,750.00. Interest at the rate of 4.000% will begin to accrue on the Interest Bearing Principal Balance as of May 1st, 2023 and the first new monthly payment on the Interest Bearing Principal Balance will be due on June 1st, 2023. The new Maturity Date will be January 1st, 2061. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1-5 | 4.000% | 05/01/2023 | $812.50 (IO) | 06/01/2023 | 60 |
| 6 | 5.000% | 05/01/2028 | $1,230.18 | 06/01/2028 | 12 |
| 7 | 6.000% | 05/01/2029 | $1,386.82 | 06/01/2029 | 12 |
| 8-38 | 6.940% | 05/01/2030 | $1,538.30 | 06/01/2030 | 368 |
| N/A | N/A | N/A | $N/A | N/A | N/A |
| N/A | N/A | N/A | $N/A | N/A | N/A |

3. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and the Security Instrument by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

Loan No.:

5. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

6. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

Loan No.: 274053

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

_8/3/23_          _/s/ James W Butler_ (Seal)
Date                                JAMES W BUTLER, JR — Borrower

_____ (Seal)
Date                          — Borrower

_____ (Seal)
Date                          — Borrower

_____ (Seal)
Date                          — Borrower

## BORROWER ACKNOWLEDGMENT

State of __MAINE__ §
§
County of __PENOBSCOT__ §

On this __3rd__ day of __AUGUST__, __2023__, before me, __ROLAND W. FRANCIS__ *[name of notary]*, a Notary Public in and for said state, personally appeared JAMES W BUTLER, JR

*[name of person acknowledged]*, known to me to be the person who executed the within instrument, and acknowledged to me that he/she/they executed the same for the purpose therein stated.

_/s/ Roland W. Francis_
__ROLAND W. FRANCIS__
Type or Print Name of Notary

Notary Public, State of __MAINE__

My Commission Expires: __JULY 19, 2026__

Loan No.: 274053

U.S. Bank Trust National Association, —Lender
not in its individual capacity, but solely
as Trustee of LSF10 Master Participation
Trust by Fay Servicing, LLC as Attorney
in Fact

9/19/23 -Date

By: ___Kathryn Wil~___
     Kathryn Wilson

Its: ___VP, Loss Mitigation___

## LENDER ACKNOWLEDGMENT

State of **Texas** §
                     §
County of **Dallas** §

On this 19th day of September, 2023, before me, Bruce H. Frieman *[name of notary]*, a Notary Public in and for said state, personally appeared Kathryn Wilson, *[name of officer or agent, title of officer or agent]* of U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust by Fay Servicing, LLC as Attorney in Fact

, *[name of entity]*
known to me to be the person who executed the within instrument on behalf of said entity, and acknowledged to me that he/she/they executed the same for the purpose therein stated.

_____
Bruce H. Frieman
Type or Print Name of Notary

Notary Public, State of **Texas**
My Commission Expires:
**APR 0 5 2027**

BRUCE H. FRIEMAN
Notary Public, State of Texas
Comm. Expires 04-05-2027
Notary ID 134290783

ACKNOWLEDGMENT (MAINE)      Page 5 of 5

EXHIBIT "A"

The Land referred to in this Commitment is described as follows:

The land, together with any buildings or improvements thereon, situated in Bangor, Penobscot County, State of Maine, described as follows:

A certain piece or parcel of land with all the buildings and improvements thereon, situated at the junction of the generally northerly line of State Street, with the generally westerly line of Howard Street, so called, in said Bangor, bounded and described as follows:

Commencing at an iron bolt set in the generally northerly line of said State Street at the point where the generally easterly line of the Wing property, so-called, intersects said northerly line of State Street;

Thence in a generally easterly direction by and along said line of State Street 184.21 feet, more or less, to an iron bolt set in the ground at the point of intersection of the generally northerly line of State Street with the generally westerly line of Howard Street;

Thence in a generally northerly direction by and along the generally westerly line of Howard Street 176 feet, more or less, to the point where the southerly line of land formerly of McNulty and formerly owned or occupied by one Paine, intersects said street line;

Thence in a generally westerly direction by and along said southerly line of said Paine land to an iron bolt set in the ground in said easterly line of said Wing property;

Thence in a generally southerly direction following the easterly line of said Wing property as it runs a short distance to an angle in said line;

Thence deflecting a little to the left and still following said line in a straight course to the northerly line of said State Street and the point of beginning.

This conveyance is made subject to a right of way adjoining the northerly bound of said premises, said right of way being for all purposes connected with the use and occupation of certain premises conveyed to Margaret A. Bradbury by deed of Bangor Savings Bank, dated June 17, 1936, recorded in the Penobscot County Registry of Deeds in Book 1112, Page 139, over and across a strip of land 25.33 feet wide on Howard Street and extending back at like width for a distance of 157 feet, the easterly portion of said strip being delineated on a plan of land dated February, 1930, made for said Bank by David J. Nason, C.E., recorded in said Registry in Plan Book No. 13, Page 15, hereby referred to.

As to that portion of the above premises conveyed to Sherman N. Shumway by deed of Charles E. Keene, dated June 25, 1941, recorded in said Registry in Book 1168, Page 369, this conveyance is made subject to the restriction that no part thereof shall ever be used for any purpose except dwelling purposes unless this restriction shall be released by Eastern Maine General Hospital, its successors and assigns.

Any and all other rights, easements, privileges and appurtenances belonging to the granted estate are hereby conveyed.

**059-004**

Loan No.:

# BALLOON ADDENDUM

THIS ADDENDUM is made this 7th day of June, 2023, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date, given by the undersigned (the "Borrower") which modifies Borrower's Note and Security Instrument to U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust by Fay Servicing, LLC as Attorney in Fact

(the "Lender")

and covers the Property located at:

424 State Street, Bangor, Maine 04401
*[Property Address]*

In addition to the agreements made in the Loan Modification Agreement, Borrower and Lender further agree as follows:

**"THIS LOAN MUST EITHER BE PAID IN FULL AT MATURITY OR CONVERTED TO A MARKET LEVEL FIXED RATE OVER THE EXTENDED REMAINING TERM. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE IF YOU DO NOT QUALIFY. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER."**

By signing below, Borrower accepts and agrees to the terms and covenants contained herein.

Fay Servicing, LLC as Attorney in Fact for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust (Seal) -Lender

JAMES W BUTLER, JR (Seal) -Borrower

_____ (Seal) -Borrower

By: Kathryn Wilson

Kathryn Wilson

Its: VP, Loss Mitigation

_____ (Seal) -Borrower

_____ (Seal) -Borrower

Loan No.:

# CORRECTION AGREEMENT

**Borrower(s):** JAMES W BUTLER, JR

**Property:** 424 State Street, Bangor, Maine 04401

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

**"Borrower"** is JAMES W BUTLER, JR.

**"Lender"** is U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust by Fay Servicing, LLC as Attorney in Fact
, and its successors or assigns.
**"Loan"** means the debt evidenced by the Note and all sums due under the Security Instrument.
**"Note"** means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
**"Security Instrument"** means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $262,796.10 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

**REQUEST BY LENDER:** Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

**BORROWER LIABILITY:** If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_____8/3/23_____                    _____James W Butler Jr_____
Date                                    JAMES W BUTLER, JR           —Borrower

_____                   _____
Date                                                                 —Borrower

_____                   _____
Date                                                                 —Borrower

_____                   _____
Date                                                                 — Borrower

**CORRECTION AGREEMENT**                                       Page 2 of 2

Loan No.:

# ATTORNEY SELECTION NOTICE

    By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

_____    _____
Date                                                                    JAMES W BUTLER, JR                          –Borrower


_____    _____
Date                                                                                                                                          –Borrower


_____    _____
Date                                                                                                                                          –Borrower


_____    _____
Date                                                                                                                                          – Borrower


ATTORNEY SELECTION NOTICE -MULTISTATE                                                     Page 1 of 1

AUG 0 4 2023

Loan No.:

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____          _____
Date                                                    JAMES W BUTLER, JR                  –Borrower

_____          _____
Date                                                                                                          –Borrower

_____          _____
Date                                                                                                          –Borrower

_____          _____
Date                                                                                                          – Borrower